# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

**All funds in Account #XXXXX7165 at Fidelity Investments, in the name of Marcia Campell**

**APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT**

CASE NUMBER:

I, _____Debra L. LaPrevotte_____ being duly sworn depose and say:

I am a(n) __Special Agent with the Federal Bureau of Investigation__ and have reason to believe that within the jurisdiction of this Court there is now certain property that is subject to forfeiture to the United States, namely (describe the property to be seized)

All funds in Account #XXXXX7165 at Fidelity Investments, in the name of Marcia Campell

which are (state one or more bases for seizure under the United States Code) funds involved in the operation of an unlicensed money transmitting business in violation of Title 18, United States Code 1956, and are therefore subject to forfeiture

concerning a violation of Title __18__ United States Code, Section(s) 981(a)(1)(A). The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.    ☒ YES    ☐ NO

William R. Cowden
Asset Forfeiture Unit, Criminal Division
(202) 307-0258

Signature of Affiant
Debra L. LaPrevotte, Special Agent
United States Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence

_____
Date

at Washington, D.C.

_____
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT OF SPECIAL AGENT DEBRA L. LaPREVOTTE

DEBRA L. LaPREVOTTE, being duly sworn, deposes and states as follows:

### INTRODUCTION

1. I am a Special Agent employed by the Federal Bureau of Investigation (FBI). I have been so employed for ten (10) years. Currently, I am assigned to the Asset Forfeiture/ Money Laundering Squad in the FBI's Washington, D.C., Field Division (Northern Virginia Resident Agency). My investigative assignments include investigating the asset forfeiture aspects of suspected violations of the federal anti-money laundering statutes (18 U.S.C. §§ 1956 and 1957), as well mail fraud (18 U.S.C.§ 1341), wire fraud (18 U.S.C. § 1343), bank fraud (18 U.S.C. § 1344), and health care fraud (18 U.S.C. § 1347) violations. I have received extensive training in Advanced Money Laundering Techniques and Complex Financial Manipulation.

2. I am currently assisting Richard Espinosa with this investigation, a Detective with the Metropolitan Police Department, Washington, D.C.

3. This affidavit is in support of a seizure warrant for the following item: **all funds on account #XXXXX7165 at Fidelity Investments, in the name of Marcia Campbell.** As set forth herein, there is probable cause to believe that such funds are subject to seizure and forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and/or (a)(1)(A) because they constitute proceeds traceable to a violation of 18 U.S.C. § 1344 (bank fraud) or property involved in laundering bank fraud proceeds, in violation of 18 U.S.C. § 1956.

4. This affidavit is based on my own investigation, my review of e-mails and other records, as well as information that I have learned through communications with witnesses and other law enforcement personnel.

5. Because this affidavit is being submitted for the limited purpose of setting forth probable cause, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are sufficient to establish probable cause as to the forfeitability of funds and other things of value in the bank accounts identified in paragraph 3 above. I have already obtained and executed seizure warrants for several other accounts to which proceeds of the scheme described herein were traced.

**PROBABLE CAUSE**

6. Prior to October 13, 2006, Marcia Campbell was employed at the Pharmaceutical Research and Manufactures of America ("PhRMA"), for the past six years. Ms. Campbell's job title was Director of Accounting. PhRMA is a D.C. based trade association/lobbing group for the pharmaceutical industry, with offices located at 950 F Street N.W., Washington, D.C.

7. On or about 10/10/06, PhRMA was contacted by one of its vendors, National Media, Inc., who inquired about a payment that it had not received. Based on this call, PhRMA conducted an audit and found that the $73,560 that should have been transferred from its bank account at the Bank of America (a "financial institution" within the meaning of 18 U.S.C. § 20) to National Media, Inc., was actually transferred into the Washington Mutual Bank account #XXXXXX1252, belonging to Marcia Campbell. This wire transfer occurred on July 25, 2006. Ms. Campbell had access to the computer programs that permitted the improper diversion of the PhRMA funds that had been under the custody or control of its Bank of America branch located in the District of Columbia.

8. The audit disclosed that this was not the first such diversion of PhRMA's funds to Ms. Campbell's Washington Mutual Bank account. On December 15, 2005, an additional transfer of

$150,000, was wired to the Washington Mutual Bank account (#XXXXXX1252) belonging to Marcia Campbell. These funds were supposed to be transferred to an account belonging to LETNOM Productions, Inc., another PhRMA vendor.

9. Since May 12, 2004, Ms. Campbell has had some of her legitimate payroll income from PhRMA deposited into her checking account, via direct deposit, at Washington Mutual Bank (#XXXXXX1252). Since December 15, 2005, this Washington Mutual account also has received at least $223,560 in funds stolen from PhRMA. These funds have been co-mingled with her work income. Ms. Campbell has not sought to return these funds diverted from PhRMA vendor payments to her personal bank account. Instead, it appears that she has diverted funds from PhRMA's D.C. based Bank of America account to accounts she controlled, and then withdrawn such funds to purchase assets for herself, including real property located in Jamaica. A total of less than $12,000 was seized within the past three weeks from the Washington Mutual Bank account, pursuant to a previously issued seizure warrant, which seized amount reflected the total deposits remaining in that account at that time. Your affiant has also seized an additional six additional accounts at four other banks under the control of Ms. Campbell into which funds stolen from PhRMA have been traced. Thus, it appears that Ms. Campbell recently has moved considerable stolen funds out of this account, into other accounts that she controls, with the intent to conceal the nature, location, source, ownership or control of such proceeds, in violation of the Federal anti-money laundering prohibitions.

10. On Monday, October 16, 2006, pursuant to a search warrant, Detective Espinosa and other officers from the Metropolitan Police Department searched Ms. Campbell's residence. The searching officers found records that indicate that Ms. Campbell was in the process of purchasing

a large parcel of land in Jamaica, on which she was building the Jamaica Mountain Hotel & Spa. These records reveal multiple wire transfers from bank accounts controlled by Ms. Campbell to attorneys in Jamaica for the purchase of real property and for building the hotel and spa.

11.  Your affiant reviewed the numerous documents that were recovered during the search of Ms. Campbell's residence.  A document found on Ms. Campbell's refrigerator indicated that Ms. Campbell caused an additional $344,877.17 to be electronically transferred from the PhRMA Bank of America account directly into account  #XXXXXXXXX1443 at Wachovia Bank.

12.  Meanwhile, PhRMA continued to audit its relevant accounts and discovered that on March 17, 2006, $15,000 that should have been paid to vendor International Policy Network was, instead, deposited into account #XXXX1157 at Citibank.  This account is also in Marcia Campbell's name and it should not have received the $15,000 from PhRMA's account under the custody and control of the Bank of America.

### Account #XXXXX7165 at Fidelity Investments

13.  During the search of Ms. Campbell's residence and office documents also were found that indicated that Ms. Campbell had an investment account at Fidelity Investments.  Based on information obtained from Fidelity Investments, your affiant knows that on or about 3/14/06, Ms. Campbell wrote a check for $8,000 from her Washington Mutual Bank account #XXXXXX1252, and deposited these funds into account #XXXXX7165 at Fidelity Investments in the name of Marcia Campbell.  The Washington Mutual account had received the $150,000 transfer of PhRMA referenced in paragraph 9, which were funds Ms. Campbell stole while she worked at PhRMA.  The majority of the PhRMA funds were still on deposit at Washington Mutual in March 2006 when the check for $8,000 was drawn on that account for deposit into Ms.

Campbell's Fidelity account #XXXXX7165.  The funds were co-mingled with the funds previously in Ms. Campbell's Fidelity account, and therefore all of the funds currently in this account are subject to seizure and forfeiture.

    14.  I am advised that, in pertinent part, 18 U.S.C. § 984(b) provides:

> (1) In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution  -
>
> > (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
> >
> > (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> (2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

I am advised that, in essence, Section 984 allows the United States to seize for civil forfeiture identical ("fungible") property found in the same place where the "guilty" property had been kept.  See United States v. All Funds Presently on Deposit at American Express Bank, 832 F. Supp. 542, 558 (E.D.N.Y. 1993).  I am further advised that the "fungibility" rule of Section 984 cannot reach back in time for an unlimited period.  Section 984(b) provides:  "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense."

    15.  I am advised that 18 U.S.C. § 981(b)(3), provides that "a seizure warrant may be issued . . . by a judicial officer in any district in which a forfeiture action against the property may be filed under Section 1355(b) of Title 28, *and may be executed in any district in which the property is found . . . .*"  Accordingly, this District Court may issue and cause to be served in any

other district the requested seizure warrants.

## CONCLUSION

16. Based on the information contained in this affidavit, there is probable cause to believe that Marcia Campbell knowingly caused over $500,000 to be wired from the PhRMA's Bank of America bank account to accounts she controlled, including account #XXXXXX1252 at Washington Mutual Bank; account #XXXXXXXXX1443 at Wachovia Bank, and account #XXXX1157 at Citibank . Further, there is probable cause to believe that after Ms. Campbell diverted funds from PhRMA's account at Bank of America to Washington Mutual Bank account #XXXXXX1252, she engaged in a financial transaction (causing $8,000 from that account to be deposited into her Fidelity account  #2BW527165) knowing that the financial transaction was designed, in whole or in part, to conceal or disguise the nature, location, source ownership or control of the proceeds of bank fraud.  Thus, funds up to $8,000 from the Fidelity account are subject to seizure and forfeiture under 18 U.S.C. § 981(a)(1)(C) because they constitute proceeds traceable to a violation of 18 U.S.C. § 1344 (bank fraud), and all funds in the Fidelity account subject to seizure and forfeiture under 18 U.S.C. § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, or property traceable to such property.

17. It is therefore respectfully requested that a seizure warrant be issued for the following item: **all funds on account #XXXXX7165 at Fidelity Investments, in the name of Marcia Campbell**.

_____
Debra LaPrevotte
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this _____ day of November, 2006.

_____
United States Magistrate Judge